## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS FOSTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 23-0468-WS-M** |
| | ) |
| **ALABAMA & GULF COAST** | ) |
| **RAILWAY, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The defendant recently removed this action on the basis of diversity of citizenship.  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Upon review, the Court is unable to confirm its subject matter jurisdiction.

The complaint, (Doc. 1-1), alleges that the plaintiff was injured when he fell at his workplace, allegedly due to the defendant's negligence or wantonness. The plaintiff asserts "serious bodily injuries," including:  an unidentified right knee injury; an unidentified left shoulder injury; and two lumbar herniated nuclei pulposi.  (*Id.* at 11).  The plaintiff's damages are asserted as:  an unidentified surgery; unidentified medical treatment, past and future; unidentified and unquantified medical expenses, past and future; undescribed physical pain and suffering, and undescribed mental anguish, past and future; unidentified permanent injury; unquantified loss of wages and loss of earning capacity, past

and future; and loss of enjoyment of life, past and future. (*Id*.). The complaint seeks compensatory damages "in excess of the minimum jurisdictional limits of this Court." (*Id*. at 11, 13).

As the party seeking a federal forum, the burden rests on the defendant to demonstrate that the Court has such jurisdiction. *Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001). Because the complaint does not demand a specific sum, the defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *Roe v. Michelin North America, Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010). A defendant may demonstrate that the amount in controversy is facially apparent from the complaint itself, or it may offer evidence beyond the pleading to meet its burden. *Id*.

The defendant points to the face of the complaint, (Doc. 1 at 8), but the Court is not persuaded. In *Williams*, the complaint alleged that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and would continue to suffer these damages in the future, and it demanded both compensatory and punitive damages. *Id*. at 1318. The Eleventh Circuit held that, based on these allegations, "it is not facially apparent from [the] complaint that the amount in controversy exceeds $75,000." *Id*. at 1320. The instant complaint largely mirrors that in *Williams*. The defendant, which has not acknowledged *Williams*, has failed to show that it does not doom removal in this case.

The defendant also argues that negligence and wantonness claims "often" generate awards of over $75,000, and it lists three cherry-picked examples. (Doc. 1 at 8). The defendant's effort does not overcome the "pronounced judicial skepticism of results in other cases as a means of" demonstrating that the amount in controversy exceeds the jurisdictional threshold. *Blount v. Coe Manufacturing Co*., 2020 WL 1866190 at *3 (S.D. Ala. 2020).

For the reasons set forth above, the defendant is **ordered** to file and serve, on or before **December 29, 2023**, such supplemental materials as it deems adequate to sustain its burden of establishing subject matter jurisdiction, failing which this action will be remanded, without further notice, for want of such jurisdiction.

DONE and ORDERED this 15th day of December, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE